**MONGOOSE GIN COMPANY and Clinton Manges, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 20939.**

United States Court of Appeals
Fifth Circuit.

April 15, 1964.

Rehearing Denied May 22, 1964.

Lloyd E. Stiernberg, Carter, Stiernberg, Skaggs & Koppel, Harlingen, Tex., for appellants.

James R. Gough, Robert C. Maley, Jr., Asst. U. S. Attys., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from a judgment of deficiency against the appellants on a promissory note given to the Small Business Administration in the sum of $250,-000. The deficiency was established by the trial court upon allegations of the complaint asserting the execution of the

several instruments, which allegations were all admitted by the defendants, the appellants here, together with the admissions of the truth of requests for admissions to sixteen questions tendered by the government to appellants. Following the response of the appellants to the government's request for admissions, and upon motion, the trial court entered a summary judgment in favor of the United States.

The response of the appellants to the request for admission admitted the truth of all of the statements made with the exception of the statement contained in number 13, "After allowing all credits from all sources there is due and unpaid on the promissory note described in request for admission number 5 the sum of $86,295.54, plus interest at the rate of 5½% per annum from November 7, 1961." Even as to that statement the defendants made a qualified admission. They stated that the Court had struck certain paragraphs of their answer, and if the court's striking of such paragraphs was legally correct then "request number 13 would be admitted." They further stated, "if the matters set out in defendants' original answer do not constitute a defense, then request number 13 would be admitted, but if they do constitute a defense, then request number 13 would be denied."

This, then, brings us to the question as to whether the trial court erred in striking the parts of the defensive pleadings referred to in appellant's response.

■ First of all, we should note that appellants here assert a ground of reversal that was not included in their defensive pleadings as a defense to the complaint. This ground is their contention that when the chattel mortgages were foreclosed, they were foreclosed at public sale without a court order, and that such a sale, not being "prescribed" under the Texas statutes, was void. The two chattel mortgages provided that mortgagee "shall have the right (a) to sell at private sale, with or without notice," or "(b) to sell all or any part of said property at public sale in the manner prescribed by

law," or "(c) to enforce its lien by suit in a court." It is clear that no effort was made to sell at a private sale and there was no effort to enforce the lien by a suit in court. The appellants contend that since the Texas statute has no provisions for selling property under a chattel mortgage at public sales, but that such sales are entirely creatures of contract, there could be no foreclosure in the terms of the provisions of section (b), because there was no "manner prescribed by law." This point was never raised before the trial court. The point was not included as a ground of defense in the pleadings filed by the appellants, and the appellants by their answer to the request for admissions expressly stated that the deficency was due unless their defenses *as pleaded* constituted a good defense. This argument, therefore, may not now be made as a basis for a reversal of the trial court's judgment.

■ The remaining defenses which were ordered struck from the pleadings by the trial court related to the methods of sale of the real property and of the fixtures that were attached to the land. As to this species of property the appellant corporation had executed a separate chattel mortgage, as well as having included it in the original trust agreement given as security to the Small Business Administration. As we have heretofore pointed out in the case of Metals Development Company v. United States, 5 Cir., 322 F.2d 210, a case arising out of the same foreclosure sales, the sales were conducted within the precise authority granted in the security instruments, and the appellants can not complain that sales so conducted were in any way unfair to them or that sales thus conducted chilled or stifled the bidding.

To the extent that the trust instrument secured by the real estate, which also purported to include all of the fixtures, was inconsistent with a subsequent execution by the same mortgagor of a chattel mortgage conveying as security the same items the mortgagor is in no position to complain because this was the voluntary act of the mortgagor itself.

We find no error in the action of the trial court in striking the defensive allegations dealing with the method of conducting the sales or the establishment of the deficiency. It having been admitted by the appellants that if the court properly struck these grounds of defense the deficiency was due and owing, the judgment of the trial court must be

Affirmed.